[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANTS HARTFORD PENSION COMMISSION AND CITY OF HARTFORD
Factual Background CT Page 2778
On May 25, 1989, the plaintiffs, Allen J. Labbe and thirteen other named plaintiffs, served an eight-count complaint on the City of Hartford, ("City"), the Hartford Pension Commission ("Commission") and the Hartford Police Union ("Union"). The plaintiff, Allen J. Labbe is a Vietnam War Veteran and was a police officer employed by the defendant City between 1971 and 1988. The remaining plaintiffs are all Vietnam War Veterans and police officers employed by the defendant City. The plaintiffs complaint seeks, in part, a declaratory judgment that the collective bargaining agreement between the defendant City and the defendant Union permits a Hartford police officer to apply his Vietnam era military service time to the. years of service necessary to receive retirement benefits. One named plaintiff, Daniel J. Albert, has since withdrawn from the lawsuit.
Although no reply has, as yet, been filed to the defendants special defense, leaving the pleadings open, the plaintiffs' have filed a motion for partial summary judgment against the defendants, City and Commission. They have filed a memorandum of law and other documents in support of their motion.
The defendants, City and Commission, had filed an amended answer in which they added a second special defense alleging that the plaintiffs lack standing to bring the instant lawsuit.
Thereafter, the defendants City and Commission filed a Motion to Dismiss on the grounds that the court lacks subject matter jurisdiction over the plaintiffs' complaint because the plaintiffs failed to exhaust the appropriate contractual remedies, and therefore lack standing. The defendants filed a supporting memorandum of law, which only addresses the exhaustion issue. In support of their motion to dismiss these defendants also filed a copy of the collective bargaining agreement and the affidavit of Bruce E. Geary, Assistant Director of Personnel of the City of Hartford.
The terms of the collective bargaining agreement establishes the plaintiffs' right to purchase military time. Article II of the agreement establishes the sole and exclusive manner of settlement in which any grievance or dispute may arise between the parties concerning the application, meaning or interpretation of the agreement. The procedure requires the CT Page 2779 employee with the grievance to first take it up with his supervisor then the Chief of Police, followed by the City Personnel Director and finally for the Union to submit it to arbitration with the arbitrator's decision final and binding on the parties.
It is undisputed that the plaintiffs did not follow this procedure.
Argument and Law
 It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust the exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiff's union.
Daley v. Hartford, 215 Conn. 14, 23 (1990), citing Vaca v. Sipes, 386 U.S. 171, 184 (1967).
 "A contrary rule which would permit an individual employee to completely side step available grievance procedures in favor of a lawsuit has little to commend it. . . [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for the orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation `would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.' Teamsters Local v. Lucas Flour Co., 369 U.S. 95, 103." Republic Steel Corporation v. Maddox, [379 U.S. 650, 653 (1965)].
Administrators Association v. Dow, 200 Conn. 376, 382 (1986).
Where the employee has failed to exhaust the appropriate grievance procedures provided in the collective bargaining agreement, the court lacks subject matter jurisdiction over the employee's claim and the suit is therefore subject to a motion to dismiss pursuant to Practice Book 142 et. seq. See, Administrators Association v. Dow supra 383.
In the present case, the defendants' motion is made on the ground that the plaintiffs have failed to pursue the grievance CT Page 2780 procedures delineated in the collective bargaining agreement negotiated by the City and the plaintiffs' union. In support of this argument, the defendants have provided the affidavit of Bruce Geary, Assistant Director of Personnel of the City of Hartford. In his affidavit Mr. Geary says that he knows by "[his] own knowledge by reviewing the records of the Hartford Personnel Department that none of the plaintiffs have filed a grievance under the collective bargaining agreement concerning the rights of the plaintiffs or any of them to purchase military service time and apply such time to City service time to qualify for a pension.
In their opposition to the defendants' Motion to Dismiss, the plaintiffs do not dispute that they have not filed a grievance regarding their rights under the collective bargaining agreement. Rather, the plaintiffs argue that, "it certainly is true that a union, seeking to enforce a collective bargaining agreement, must avail itself of the grievance machinery. But a union member, claiming that the collective bargaining agreement was breached and that the union was in cahoots with management, has a cause of action."
In support of this argument the plaintiffs cite Vaca v. Sipes, supra. Vaca involved a suit brought by a discharged employees against his union officials for the officials' alleged breach of their duty to represent the plaintiff employee. The plaintiff employee in Vaca, unlike the plaintiffs in the present case, had grieved his wrongful discharge claim pursuant to the appropriate procedures provided by the collective bargaining agreement entered into by the plaintiffs union and his employer. In Vaca, the Union had the sole power to invoke the higher stages of the grievance procedure, i.e., seek arbitration. The Union, after evaluating the plaintiff's claim, elected not to seek arbitration. The plaintiff argued that in so doing, the Union officials had breached their duty of representation.
Although the U.S. Supreme Court concluded that the state court did have jurisdiction in that case, it reiterated its statement in Republic Steel Corp. v. Maddox supra that an aggrieved employee must, at least, attempt to exhaust the exclusive grievance procedures provided in the collective bargaining agreement before he may resort to the courts. The Court, in dictum, noted that there are circumstances where an individual employee may obtain judicial review of his breach of contract claim despite his failure to secure relief through the contractual remedial procedures. Id. at 185. The Court stated,
 We think that another situation when the employee may seek judicial enforcements of his contractual rights arises, if as is true here, the contract to invoke the higher stages of the CT Page 2781 grievance procedure, and if, as alleged here, the employee plaintiff has been prevented from exhausting his contractual remedies by the Union's wrongful refusal to process the grievance. Id. at 185. (Emphasis in original). In the present case, the plaintiffs do not allege in their complaint that the Union wrongfully refused to process their grievance.
Id. at 185. (Emphasis in original).
In the present case, the plaintiffs do not allege in their complaint that the Union wrongfully refused to process their grievance.
Therefore, applying the exception to the exhaustion doctrine enunciated by the Vaca Court, the plaintiffs in the present case have failed to come under it, because they have failed to allege in their complaint facts that might entitle them to seek judicial review without first exhausting the appropriate contractual remedies available to them.
It is the opinion of this court that this case is governed by Administrators Association v. Dow, 200 Conn. 376 (1986) and its progeny, Daley v. Hartford 215 Conn. 14, 23 (1990), and Kolenberg v. Board of Education, 206 Conn. 113 123 (1988).
Conclusion
In the present case, the plaintiffs' complaint is in eight counts. The first count alleges that the defendants violated Article First, Section 1 of the Connecticut Constitution. The second count alleges that the defendants have denied the plaintiffs due process of law in violation of the state and federal constitutions. The third count alleges that the defendants have denied the plaintiffs equal protection in violation of the state and federal constitutions. The fourth count alleges that the defendant Pension Commission breached the pension agreement. The fifth count alleges that the defendant City of Hartford breached the pension agreement. The sixth count alleges that the defendant Union breached its duty to represent the plaintiffs. The seventh count alleges that the defendant Union breached the By-Laws of the Union. The eight count alleges that the defendant City and defendant Union tortiously interfered with the contractual relationship between the plaintiffs and the Hartford Pension Commission. The plaintiffs' complaint, as previously stated, seeks, in part, a declaratory judgment under the terms of the collective bargaining agreement, that the plaintiffs are entitled to apply Vietnam Era military service time to the years of service necessary to receive retirement benefits. CT Page 2782
School Administrators Association v. Dow supra was an appeal from a decision of the trial court enjoining the New Haven Board of Education and the superintendent of schools for New Haven from terminating the employment contracts of ten administrators and eliminating nine administrative positions. The defendants, on appeal, argued that the trial court erred in refusing to dismiss the action for lack of subject matter jurisdiction on the ground that the plaintiffs failed to exhaust their administrative remedies.
The defendants Dow had moved to dismiss the complaint on the grounds that the trial court lacked subject matter jurisdiction because the plaintiffs failed to exhaust the contractual remedies available to them under their collective bargaining agreement, and because they failed to pursue the administrative remedies provided in General Statutes 10-151 (d).
The Dow court first addressed the issue of the plaintiffs' failure to exhaust the contractual remedies contained in their collective bargaining agreement. The court concluded that "as a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." Id. at 387.
In Dow, as in the present case, the plaintiffs alleged, inter alia, that the defendants violated the plaintiffs' constitutional rights to due process and equal protection, The court in Dow concluded that, "[d]espite the multiple allegations made, the complaint is not unlike those usually brought for employee grievances and essentially seeks relief for harms occurring in the context of an employer-employee relationship." Id., 382-83. The Dow court further stated that,
 Given the broad wording of the grievance provisions of the collective bargaining agreement, we have no doubt that the relief requested in this case is within the scope of the contractual remedies available. [Citations omitted.] The plaintiffs therefore should have pursued their claims under the grievance-arbitration provisions of their collective bargaining agreement before seeking redress in state court. The trial court was in error when it refused to dismiss the complaint for issue of jurisdiction.
Id. at 383.
Similarly, Dow found that because there was an allegation CT Page 2783 sounding in tort (complaint, eighth count), this would not prevent following the grievance procedure "if the underlying contract embraces the disputed matter." Id., 383. (Citations omitted).
In the present case, despite the fact that the plaintiffs' complaint contains constitutional claims, the scope of relief requested in this case is within the contractual remedies available to the plaintiffs. Further, pursuant to Dow, the plaintiffs should have pursued their claims under the grievance procedures of the collective bargaining agreement.
Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.[1]
FREED, J.